C. G. CULVER & COMPANY v. THE AMERICAN EXPRESS COMPANY, Appellant.

EVIDENCE FAIRLY IN CONFLICT NOT REVIEWED ON APPEAL.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION for the value of a box of merchandise.—From a verdict and judgment in favor of the plaintiffs, defendant appeals.—*Affirmed.*

*Marsh & Henderson* for appellant.

*Spalding, Taylor & Burgess* for appellees.

KINNE, J.—I. The contention in this case is as to whether a box of merchandise which plaintiff ordered from S. K. Rothkopl & Company, of New York City, in February, 1891, and which was to be shipped over defendant's line, has been delivered to plaintiff. The evidence without conflict shows that the box was received by the defendant for transportation on February 10, 1891; that in due course of time it transported the box to Sioux City, Iowa, at which place, on the sixteenth day of the same month, defendant placed the box in the hands of one Welch, its delivery agent, for delivery to plaintiffs. It also appears without conflict that at some time on that day Welch entered plaintiffs' store, and handed a small package to their clerk, Miss Sawyers, and at the same time informed her that he had delivered a box on the sidewalk, in front of the store, for plaintiffs, and that thereupon she receipted for both the box and package, and paid the charges on both. Welch testifies that he delivered the box and package in the forenoon of the sixteenth of February, 1891. The testimony introduced on behalf of the plaintiffs showed that Welch was not in the store in the forenoon of that day, and made no delivery at the time he claimed to have done so; that he was in the store in the afternoon of that day, somewhere between noon and 2 ó'clock, at which time he delivered a small package, and told Miss Sawyers that he had left a box for plaintiff on the sidewalk in front of the store, and at that time she receipted for and paid the express charges on both the package and box;

that she at once, on receiving this information, told plaintiff, and that two clerks at once went out to the sidewalk, and carried the box into the store. It was opened and proved to be a box of dress goods from Chicago, which had come by freight; not the box in controversy. Plaintiff claims it never received the box consigned to it by the New York firm. Touching the matter of delivery, the jury were instructed, in substance, that if they found from the evidence that the box was on February 16, 1891, delivered upon the sidewalk, in front of plaintiffs' store, by the defendant's driver and employee, and that he immediately thereafter notified plaintiffs or its employee in the store of such delivery on the sidewalk in front of the store, and thereupon, without objection to the manner of delivery, plaintiff paid the charges on the box, and receipted for it, then they should return a verdict for defendant. If, however, they should find that the box was shipped over defendant's line, and never in fact delivered to plaintiff by defendant upon the sidewalk in front of its store, and notice thereof immediately given to plaintiff or its employees, then they should return a verdict for the plaintiff. As these instructions are not complained of, they must now be treated as the law of the case.

It is contended that the verdict for plaintiff is not sustained by the evidence, but is in fact contrary thereto. We do not think so. There was a fair conflict in the evidence as to the fact of delivery of the box. Plaintiff's testimony established the fact that Welch was not in the store at the time claimed by him; that he was there in the afternoon, and that that was the time when the box was receipted and paid for, and that an investigation, made immediately after Welch was in the store, showed that no such box was in front of the store, but another and different box was there, which had come by freight, and been delivered by another party. We can not review all of the testimony, a portion of which only we have referred to, but it is sufficient to say that, taking it all, there was ample evidence to justify the jury in finding as it did. We discover no reason for disturbing the judgment below. AFFIRMED.